UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TAROME ANTONIO HARRIS** | **CIVIL ACTION NO. 06-2184-P** |
| **VERSUS** | **JUDGE WALTER** |
| **STEVE RISNER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tarome Antonio Harris ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1]  This complaint was received and filed in this Court on November 13, 2006.  Plaintiff is currently incarcerated in the Winnfield Correctional Center, but he complains his civil rights were violated by prison officials while incarcerated at the Bayou Dorcheat Correctional Center.  He names Warden Steve Risner, Captain John Lewis, Classification Officer Kattie Douglas and Sheriff Gary Sexton as defendants.

Plaintiff claims that while incarcerated at the Bayou Dorcheat Correctional Center, he was denied access to the courts.  He claims that on June 8, 2006, Captain Lewis denied

---

[1] Plaintiff also claims he was discriminated against when he was placed in extended lock-down.  This claim has been addressed in a separate memorandum order.

his law library request. He claims he wanted to prepare for his two pending criminal cases. He claims that on September 11, 2006, Captain Lewis denied his request for legal copies and his request to telephone his attorney.

Plaintiff claims that when he was denied access to the courts, he was working on his two criminal cases which were pending in the Louisiana Twenty-Sixth Judicial District Court. He claims that in both of these pending criminal case, he was represented by attorney Peter Flowers. He also claims in one of the pending criminal cases, he was represented by Mary Ellen Halterman. He claims he received ineffective assistance of counsel and as a result he was found guilty in both cases. Plaintiff also claims he was preparing a case regarding prison sanctions.

Accordingly, Plaintiff seeks monetary compensation, injunctive relief and any other relief which is equitable and proper.

For the following reasons, Plaintiff's claims regarding access to the courts should be dismissed.

## LAW AND ANALYSIS

Plaintiff claims he was denied access to the law library, legal materials and the telephone while working on his two pending criminal cases and prison sanctions issues. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without

limitation. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In <u>Lewis v. Casey</u>, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in <u>Bounds v. Smith</u>, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in <u>Lewis</u>, the Court limited the parameters of <u>Bounds</u> and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. <u>Lewis</u>, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury"

requirement. Plaintiff has failed to demonstrate that he was substantially delayed in obtaining judicial review of his claims as a result of the denial of access to the law library, legal materials or telephone. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the denial of access to the law library, legal materials or telephone. The Fifth Circuit has held that a criminal defendant's right of access to the court is not violated if he is represented by counsel. See Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981). Plaintiff admits he was represented by counsel in his two criminal cases. He also claims he wanted information regarding litigation of prison sanctions. However, "the Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts . . ." Lewis, 518 U.S. at 360. Plaintiff's complaint in this Court reveals on its face that he was able to clearly present his claims to this Court. Thus, Plaintiff has failed to state any actual injury.

Accordingly, Plaintiff's claims regarding access to the courts should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were

not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15th day of November, 2007.

```
                                        _____
                                             MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE
```